UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


RAY D. BATES,

          Plaintiff,

    v.                                Civil No. 07-6129-HA

                                    OPINION AND ORDER

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

          Defendant.

_____

HAGGERTY, Chief Judge:

      Plaintiff Ray D. Bates seeks judicial review of a final decision by the Commissioner of

the Social Security Administration denying his application for Supplemental Security Income

(SSI) disability benefits under Title XVI of the Social Security Act. This court has jurisdiction

_____

      [1]On February 12, 2007, Michael J. Astrue became Commissioner of Social Security and
he should be substituted in these proceedings as such. 42 U.S.C. § 405(g); Fed. R. Civ. P. 25
(d)(1).

to review the Commissioner's decision under 42 U.S.C. § 405(g).  For the following reasons, the Commissioner's decision is affirmed.

## STANDARDS

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for benefits because of disability.  20 C.F.R. §§ 404.1520, 416.920; *see also Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989).

First, the Commissioner determines whether the claimant is engaged in SGA.  If the claimant is so engaged, disability benefits are denied.

If not, the Commissioner proceeds to a second step and determines whether the claimant has a medical impairment that meets the regulatory definition of "severe."  20 C.F.R. § 404.1520(a).  If the claimant lacks this kind of impairment, disability benefits are denied.  20 C.F.R. § 404.1520(c).

If the claimant's impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one or more impairments that the Commissioner has recognized to be so severe they are presumed to preclude SGA.  20 C.F.R. § 404.1520(d).  These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments).  If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled.

2- OPINION AND ORDER

If the impairment is not presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from engaging in work that the claimant has performed in the past.  If the claimant is able to perform his or her former work, a finding of "not disabled" is made and benefits are denied.  20 C.F.R. § 404.1520(e).

If the claimant is unable to perform work that he or she has performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience.

In this five-step framework used by the Commissioner, the claimant has the burden of proof as to steps one through four.  Accordingly, the claimant bears the initial burden of establishing his or her disability.

However, in the fifth step, the burden shifts to the Commissioner to show there are a significant number of jobs in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience.  *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996).

If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits under the Act.  20 C.F.R. § 404.1520(f)(1).  If the Commissioner meets this burden, the claimant must be deemed not disabled for purposes of determining benefits eligibility.  20 C.F.R. §§ 404.1566, 404.1520(g).

The Commissioner's decision must be affirmed if it is based on proper legal standards and its findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  Substantial evidence is more than a scintilla but less than a preponderance;

it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted). The Commissioner's denial of benefits is upheld even if the evidence is susceptible to more than one rational interpretation, as long as one of the interpretations supports the decision of the ALJ. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citation omitted); *Andrews*, 53 F.3d at 1039-40.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances in which the evidence would support either outcome. *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998).

However, a decision supported by substantial evidence still must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Reddick*, 157 F.3d at 720.

## FACTS

Plaintiff was fifty-five years old at the time of the Administrative law Judge's (ALJ) decision. He is a high school graduate and attended a one year associates program in metalurgy. His past work experience is as a welder and a welding inspector. He last performed substantial gainful activity in 2001.

He applied for SSI benefits on September 5, 2003. He alleged disability beginning July 8, 2000, based on degenerative disc disease, diabetes, arterial fibrillation, and carpal tunnel syndrome. The application was denied initially and on reconsideration.

4- OPINION AND ORDER

An ALJ held a hearing on February 8, 2006, at which he heard testimony from two witnesses: plaintiff, who was represented, and Mark McGowan, a vocational expert (VE).

On March 28, 2006, the ALJ issued a partially favorable decision finding that plaintiff was disabled as of his fifty-fifth birthday, July 8, 2005. The ALJ found that before he turned fifty-five years old, plaintiff could not return to his past relevant work, but could make an adjustment to other work existing in significant numbers in the national economy. Therefore, the ALJ found plaintiff not disabled within the meaning of the Social Security Act. The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. Plaintiff subsequently initiated this action.

## SUMMARY OF ALJ'S FINDINGS

At step one, the ALJ found that plaintiff had not engaged in SGA since his alleged disability onset date. Tr. 23[2], Finding 2. This finding is not in dispute.

At step two, the ALJ found that plaintiff had severe physical impairments, including degenerative disc disease, obesity, diabetes mellitus, and heart disease. Tr. 20, 23, Finding 3. This finding is not in dispute.

At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 23, Finding 4. This finding is not in dispute.

At step four, the ALJ found that plaintiff was unable to perform his past relevant work. Tr.24, Finding 8. The ALJ so found after determining that prior to July 8, 2005, plaintiff had the

---

[2] Citations beginning with "Tr." refer to pages in the official transcript of the administrative record filed with the Commissioner's Answer.

RFC for light work with only occasional kneeling, crouching, or crawling, and no climbing or ropes, ladders, or scaffolds, and he required an opportunity to change positions approximately every hour.  Tr. 23, Finding 7.  This finding is in dispute.

At step five, the ALJ found that prior to July 8, 2005, based on the above RFC, plaintiff could also perform work existing in significant numbers in the national economy, including small products assembler, ticket seller, and electronics worker.  Tr. 23, 24, Findings 6, 11.

**<u>DISCUSSION</u>**

Plaintiff challenges the ALJ's evaluation of the evidence.  Specifically, plaintiff argues that the ALJ erred in  improperly discrediting plaintiff's testimony and rejecting the opinion of Dr. Meyers.   Finally, plaintiff asserts that the ALJ erred in determining plaintiff's RFC and employability.

**1.        Plaintiff's Testimony**

Plaintiff asserts that the ALJ erred in evaluating plaintiff's testimony.   If an ALJ finds that a claimant's testimony relating to limitations is unreliable, the ALJ must make a credibility determination citing the reasons why that testimony is unpersuasive.  *See Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991).  The ALJ must identify specifically what testimony is credible and what testimony undermines the claimant's complaints.  *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted); *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In evaluating a claimant's claim of subjective symptom testimony, the ALJ must determine whether the claimant has produced objective medical evidence of an underlying impairment which could reasonably be expected to produce the symptoms alleged.  20 C.F.R. §

404.1529(a); *Smolen v. Chater*, 80 F.3d 1273,1281-82 (9th Cir. 1996) (citation and quotation omitted). An ALJ may consider medical evidence as a relevant factor in determining a claimant's credibility. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

The Ninth Circuit set out a threshold test in *Cotton v. Bowen* (reaffirmed in *Bunnell*) to assist the ALJ in deciding whether to accept a claimant's subjective symptom testimony. *See* 799 F.2d 1403 (9th Cir. 1986). If the claimant produces evidence that meets the *Cotton* test, and there is no evidence of malingering, then the ALJ can reject the claimant's testimony about the severity of symptoms only after offering specific, clear and convincing reasons for doing so. *See Dodrill*, 12 F.3d at 918.

Under the *Cotton* test, a claimant who alleges disability based on subjective symptoms must meet two tests. First, the claimant "must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged. . . .'" *Bunnell*, 947 F.2d at 344 (quoting 42 U.S.C. § 423(d)(5)(A) (1988)); *see also Cotton*, 799 F.2d at 1407. Second, he or she must show that the impairment or combination of impairments could reasonably be expected to (not necessarily that it did) produce some degree of symptom. This means that the claimant need not produce objective medical evidence of the *symptom*, or the severity thereof:

> Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the *Cotton* test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.
>
> Finally, the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. This approach reflects the highly subjective and idiosyncratic nature of pain and other

> such symptoms. . . .  Thus, the ALJ may not reject subjective symptom testimony
> under the *Cotton* analysis simply because there is no showing that the impairment
> can reasonably produce the *degree* of symptom alleged (emphasis in original).

*Smolen*, 80 F.3d at 1282 (emphasis added) (citations and footnote omitted).

In addition to medical evidence, factors relevant to the ALJ's credibility determination include:  a plaintiff's daily activities; the location, duration, frequency, and intensity of his or her symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication; treatment, other than medication; measures used to relieve symptoms; and functional limitations caused by the symptoms.  *Id.* at 1284; 20 C.F.R. § 404.1529(c)(3).

"The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."  *Smolen*, 80 F.3d at 1284 (citation omitted).  In determining that subjective testimony is not credible, the ALJ may rely on:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation
> for lying, prior inconsistent statements concerning the symptoms, and other
> testimony by the claimant that appears less than candid; (2) unexplained or
> inadequately explained failure to seek treatment or to follow a prescribed course of
> treatment; and (3) the claimant's daily activities.

*Id*. (citations and footnote omitted).

In sum, if the plaintiff has met the burden of showing that his or her impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of the symptoms plaintiff's testimony describes, and there is no evidence suggesting that the plaintiff is malingering, the ALJ may not reject testimony regarding the severity of plaintiff's symptoms unless there are clear and convincing reasons for doing so.  *Id*. at 1283; *see also Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).

8- OPINION AND ORDER

In this case, plaintiff produced some objective medical evidence regarding his impairments. However, the ALJ also referred to clear and convincing evidence in the record supporting the ALJ's ultimate rejection of plaintiff's testimony about his ability to work. The ALJ examined the relevant medical reports extensively before concluding that plaintiff's testimony regarding the impact of his impairments was only partially supported by the medical evidence. The ALJ properly found plaintiff's subjective complaints to be inconsistent with the medical evidence and his credibility thereby diminished regarding his complaints of debilitating impairments.

This court concludes that plaintiff's credibility was evaluated properly in light of the lack of medical evidence to support the severity of limitations he claimed. The ALJ offered clear and convincing reasons for rejecting plaintiff's allegation of disability, which are supported by substantial evidence.

### 2.    Medical Opinion

Plaintiff next argues that the ALJ improperly rejected the opinion of Dr. Meyers. While clear and convincing reasons are required to reject an examining physician's uncontradicted opinion, an ALJ need only provide specific and legitimate reasons, supported by substantial evidence, to reject an examining physician's opinion that is contradicted in the record. *Andrews*, 53 F.3d at 1041.

In rejecting Dr. Meyers' opinion, the ALJ noted the "check the box" nature of the disability opinion, which lacked any narrative explanation or rationale for its findings. Further, at the time Dr. Meyers completed this form, he had not seen plaintiff since June 2005, almost six months before the disability opinion, suggesting he was not familiar with the current state of

9- OPINION AND ORDER

plaintiff's health.  Finally, during the final examination of plaintiff, he had not complained of

back problems, and had not complained of back problems for one year prior to the disability

opinion.

An ALJ may properly disregard a medical opinion, even the opinion of an examining

source, which is based on the self-reporting of a properly discredited claimant.  *Tonapetyan v.

Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The court concludes that the ALJ 's rejection of Dr.

Meyers' opinion was supported by substantial evidence.

**3.      Residual Functional Capacity and Employability**

Finally, plaintiff argues the ALJ erred in determining that plaintiff could perform other

work at step five of the sequential evaluation process.  Plaintiff asserts that the VE testified that

the limitations identified by Dr. Meyers would preclude all work.  As explained above, however,

the ALJ properly disregarded the opinion of Dr. Meyers, as such the VE testimony relating to the

limitations put forth by Dr. Meyers is irrelevant.  The ALJ asked the VE what jobs plaintiff

could perform with his credible limitations, and the VE identified two occupations that

represented a significant number of unskilled jobs that plaintiff could perform.

The ALJ was not required to consider such limitations in the hypothetical question

because the ALJ concluded properly that these limitations were not supported by substantial

evidence.  *See Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989) (an ALJ is not bound

to accept as true any restrictions presented in a hypothetical question propounded by a claimant's

counsel, but may choose to accept these restrictions if they are supported by substantial

evidence).  As discussed above, the ALJ properly found plaintiff's testimony about the extent of

his symptoms to be unpersuasive or exaggerated.

10- OPINION AND ORDER

The hypothetical question posed by the ALJ was consistent with the objective medical evidence.  Accordingly, the ALJ's step-five analysis was proper.

**<u>CONCLUSION</u>**

Based on the foregoing, this court concludes that the findings of the Commissioner are based upon correct legal standards and are supported by substantial evidence existing in the record.  The Commissioner's decision denying plaintiff's application for SSI benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this __1__ day of August, 2008.


_____/s/ Ancer L. Haggerty_____
Ancer L. Haggerty
United States District Court

11- OPINION AND ORDER